## American Oil Pump & Tank Company v. Sizemore.

(Decided October 20, 1925.)

## Appeal from Bell Circuit Court.

1. Master and Servant—Contract Construed to be for Commission on Net Amount Received by Employer.—Where company employed agent on commission basis to sell gasoline and kerosene equipment, clause that company was to pay him commissions as shown on discount sheet, in absence of showing that such words had technical meaning, meant that, where discount was allowed, commission was to be counted on net amount received by company.

2. Master and Servant—Reasonable Division of Commission Between Agents Held for Jury.—Where contract between company and its agent for sale of gasoline and kerosene equipment reserved to company right to assign special assistance to agent, and in such event to divide commission as it deemed equitable, on company's failure to make division of commissions on sales of other agents in same territiry, what was reasonable division of commission was properly submitted to jury in action by agent to recover commissions.

3. Master and Servant—Notice of Exercise of Option to Withdraw Specific Business in Salesman's Territory should be Given.—Where contract of company with agent to sell gasoline and kerosene equipment in certain territory reserved to company right to withdraw at any time any specific business in such territory, to exercise such right, company should give salesman notice of exercise of option.

4. Master and Servant—On Evidence Clearly Establishing Counterclaim, Jury should have Been Peremptorily Instructed to Allow Amount.—In action by agent against employer, to recover commission on sales made by other agents in his territory, where defendant's evidence clearly established counterclaim for sums advanced to plaintiff, alleged by it, and, as shown by bill of exceptions, there was no evidence to contrary, court should have peremptorily told jury to allow defendant amount sued for on counterclaim and to deduct therefrom sum found due plaintiff for commissions.

5. Trial—Allowing Agent Suing for Commissions on Sales to Show that he had Paid Another Certain Percentage of Commissions Held Error, in Absence of Showing that such Person had Authority from Principal as to Commissions.—In action by agent employer, to recover commission on sales of goods by other agents in his territory, allowing plaintiff to testify that he had paid another certain percentage of commissions, in absence of evidence to show that such other had authority from principal as to these commissions or division of them, was error.

6. Corporations—For Act of Agent to Bind Corporation, he Must Act Within Authority or Apparent Scope of Authority.—For act of

agent to bind corporation, he must act within authority or apparent scope of his authority.

7.  Payment—Not Provable Under General Issue.—Proof of payment may not be made under general issue.

8.  Master and Servant—Contract Construed to Make Employer Liable for Only Equiable Part of Commissions on Sales Made by Other Agents.—Where contract between company and agent for sale of goods reserved right to company to assign special assistance to negotiate any business, and in such event to divide commission and sales credit as it might deem equitable, company was not liable to agent for all commissions on sales made in his territory by other agents, but only for what would come to him on equitable division thereof.

JOHN HOWARD and JOHN C. McCARTHY for appellant.

A. W. RHOER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

I. H. Sizemore entered into a written contract with the American Oil Pump & Tank Company, by which he was given certain territory for the sale of gasoline equipment and was to receive a commission of 30% on the sales. He brought this suit against it, charging that three sales had been made in his territory aggregating $1,505.00, and sought to recover $451.50, his commissions thereon. The company filed an answer controverting the allegations of the petition and pleaded as a counterclaim that it had advanced to Sizemore from time to time certain sums and had in fact so paid him $535.61 over and above credits to which he was entitled, for which judgment was prayed. The case came on for trial before a jury who returned a verdict in favor of Sizemore. The defendant appeals.

The evidence showed that the sales had been made in Sizemore's territory by another agent during his contract. The evidence for the defendant also showed that it had from time to time advanced to Sizemore money and that it had so overpaid him $535.61, not counting the commissions in controversy. The court gave the jury these instructions:

"You will find for the plaintiff a reasonable equitable division of the commissions on the sales described in the evidence made to the Wallins Motor Company, the gross sale of which amounted to $585.00, and also on sale made to C. C. Smith, the

gross sale of which amounted to $335.00, and you will find for the plaintiff such division for making on the sale made to T. F. Kidd, the gross sale of which amounted to $585.00, unless you shall believe from the evidence that that sale was made at the office and under a right set out in the contract to withdraw from the contract made with plaintiff the right to make said sales itself, and if you believe such withdrawal was exercised by the defendant, the commissions under these sales was 30% of the gross sales.

"You will find for the defendant on its counterclaim such sums as you may believe the plaintiff is indebted, if any, for moneys advanced by the defendant and received by him, not to exceed the amount claimed in the counterclaim and not to exceed the sum of $535.00."

The correctness of the first instruction turns on the written contract. The only material provisions in it are as follows:

1. "The American Oil Pump and Tank Company, of Cincinnati, Ohio, hereinafter known as the company, hereby employs I. H. Sizemore, of Jefferson street, Winchester, Kentucky, hereinafter known as salesman, to devote his entire time to the sale of the company's products, according to the company's policy, rules and instruction, in the following territory:

"Counties in Kentucky: Whitley, Bell, Harlan, Knox and Clay. Counties in Virginia: Lee and Wise. Commission 30% on gasoline and kerosene equipment and 25% on lub. equipment. Salesman is to pay his own expenses.

3. "In consideration of services rendered the company is to pay salesman commissions as shown on discount sheet, which commission is to be the sole compensation paid by the company to the salesman.

10. "The company reserves the right to assign special assistance for the negotiating of any business and in that event to divide the commission and sales credit as it may deem equitable; also to reserve or withdraw, at any time, the right to negotiate any specific business in the salesman's territory."

The contract giving the agent certain territory and a commission of 30% on gasoline and kerosene equipment

in the first clause, the third clause naturally means that where a discount is allowed the commission is to be counted on the net amount received by the company. In the absence of any evidence showing that these words had a technical meaning, the circuit court properly so held. Although the company reserved the right to assign special assistance for the negotiation of any business and in that event to divide the commission as it deemed equitable, this does not mean that the company could refuse to make a division or that it could act unreasonably. Here it had failed to act and what was a reasonable division was properly submitted to the jury. Although the company reserved the right to reserve or withdraw at any time any specific business in the salesman's territory, to exercise this right it should give him notice of the exercise of the option and there was no showing that it had exercised the option or given him any notice thereof.

There was, therefore, no substantial error to the prejudice of appellant in instruction No. 1. But the evidence for the defendant clearly established its counterclaim and, as shown by the bill of exceptions, there was no evidence to the contrary. Under the evidence the court should have told the jury peremptorily to allow the defendant the amount sued for on its counterclaim and subtract therefrom the sum they found for the plaintiff under the first instruction, if any.

The evidence is very meagre from which a reasonable division of the commission may be determined. But on another trial there may be fuller evidence on this subject. The court erred in allowing the plaintiff to testify that he paid B. F. Edelen 5% of the commissions, there being no evidence to show that Edelen had any authority from the company as to these commissions or the division of them. So far as the record shows Edelen may have been acting on a salary and entitled to no part of the commission. In order for the act of an agent to bind the corporation it must appear that he was acting within his authority, or the apparent scope of his authority. 2 C. J., pp. 923-924; 21 R. C. L., p. 858.

If on another trial there is testimony tending to show that the plaintiff did not receive any of the sums, shown by the defendant to have been paid to him, this question may be submitted to the jury. If any evidence is offered that he has paid the defendant any of the sums so advanced to him, this evidence may not be admitted unless

the answer is amended and payment is pleaded, for proof of payment may not be made under the general issue. 21 R. C. L., p. 115, section 127.

Under the contract the company was not liable to Sizemore for all the commission on these sales, but only for what would come to him on an equitable division thereof.

Judgment reversed and cause remanded for a new trial.